J-S01009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JOSEPH SMITH, | : | |
| | : | |
| Appellant | : | No. 363 WDA 2014 |

Appeal from the Judgment of Sentence entered on February 5, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0003875-2013

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED JANUARY 30, 2015**

Christopher Joseph Smith ("Smith") appeals from the judgment of sentence imposed following his convictions of Aggravated Assault and Robbery—Threatening Immediate Bodily Injury.[1]  We affirm.

In March 2013, Smith was drinking and playing pool at a bar, where the victim, Michael Wlazinski ("Wlazinski"), was also drinking.  At closing time, Smith took Wlazinski's coat from his chair and began to leave.  When Wlazinski tried to recover his coat, Smith punched Wlazinski in the face.  Wlazinski lost consciousness and fell to the floor, where Smith continued to punch him several times.  Wlazinski suffered broken orbital bones, and underwent emergency surgery to insert 3 metal plates and 11 screws to hold his face and eye socket together.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(iv).

After a bench trial, Smith was convicted of Aggravated Assault and Robbery—Threatening Immediate Bodily Injury. The trial court sentenced Smith to 4 to 8 years in prison for each offense, to be served concurrently, with credit for time served. Smith filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Smith raises the following question for our review: "Did the Commonwealth present sufficient evidence, as a matter of law, for [] Aggravated Assault?" Brief for Appellant at 4.[2]

Smith argues that the evidence was insufficient to establish that Wlazinski suffered serious bodily injury, and that Smith specifically intended to cause serious injury. *Id.* at 8. Smith also contends that injuries from a punch are not permanent, and are not serious enough to constitute serious bodily injury. *Id.* at 8-9. Smith argues that even if the Commonwealth had proven serious bodily injury, the Commonwealth did not present sufficient evidence to establish that Smith acted intentionally, knowingly, or recklessly because the punches occurred in quick succession, without an opportunity to contemplate stopping. *Id.* at 9-10.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

---

[2] Smith does not raise any claims related to the Robbery—Threatening Immediate Bodily Injury conviction.

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Under 18 Pa.C.S.A. § 2702(a)(1), Aggravated Assault is defined as follows:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life

18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of

- 3 -

any bodily member or organ." 18 Pa.C.S.A. § 2301. "The intent to cause serious bodily injury may be proven by direct or circumstantial evidence." **Commonwealth v. Matthew**, 909 A.2d 1254, 1257 (Pa. 2006). Intent may be determined using a totality of the circumstances test, to be applied on a case-by-case basis. **Id.** (citing **Commonwealth v. Alexander**, 383 A.2d 887, 889-90 (Pa. 1978)).

Upon our review of the record, we conclude that the evidence was sufficient to sustain Smith's Aggravated Assault conviction. Smith repeatedly punched Wlazinki, continuing even as Wlazinski lay helplessly on the ground. N.T., 8/29/13, at 35-36. Wlazinski suffered injuries causing serious and permanent disfigurement, and protracted impairment of the function of his eye and mouth. **Id.** at 18-19. Wlazinski had metal plates and screws placed in his face to repair his fractured orbital socket. **Id.** at 17. Wlazinski also suffers a persistent flinching in his left eye, and loss of feeling in parts of his mouth. **Id.** at 18-19.

Under the totality of the circumstances, the evidence was sufficient to prove that Smith intended to cause serious bodily injury. **See Commonwealth v. Davis**, 406 A.2d 1087, 1089 (Pa. Super. 1979) (holding that a single punch causing multiple jaw fractures constituted serious bodily injury). Smith's delivery of the punches, in rapid succession, does not disprove his intent to cause serious bodily harm. Further, the fact that Wlazinski fell to the floor after the first punch suggests that in the time it

would have taken for Smith to kneel down to continue punching Wlazinski, Smith could have contemplated stopping. *See Commonwealth v. Dailey*, 828 A.2d 356, 360-61 (Pa. Super. 2003) (affirming the trial court's holding that evidence showing that the defendant intended to strike again after rendering the victim "dazed" was sufficient to establish intent to inflict serious bodily injury and aggravated assault). Thus, the evidence is sufficient to sustain Smith's conviction for Aggravated Assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015