J-S70008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE J. FREEMAN, | |
| Appellant | No. 2944 EDA 2013 |

Appeal from the Judgment of Sentence May 24, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004510-2012

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                      **FILED DECEMBER 11, 2015**

Appellant, Maurice J. Freeman, appeals from the judgment of sentence imposed following his bench conviction of robbery, theft by unlawful taking, receiving stolen property, two counts of possession of an instrument of crime, terroristic threats, simple assault, recklessly endangering another person, aggravated assault, burglary, criminal trespass, and unlawful restraint.[1]  Appellant challenges the sufficiency of the evidence supporting his aggravated assault conviction.  We affirm.

The trial court aptly summarized the facts of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3921(a), 3925, 907, 2706, 2701, 2705, 2702, 3502(a)(1), 3503(a)(1)(ii), and 2902, respectively.

On the night of February 26, 2012, at about 9:15 p.m., Mr. Tyreek Upshur brought his friend, Zachary (hereinafter "the victims"), to the home in which he lives with his mother, Ms. Tamekia Upshur, 2915 New Hope Street Philadelphia, PA. . . . After Mr. Upshur unlocked the front door to his home, he and Zachary entered. Mr. Upshur immediately saw [Appellant] standing at the top of the stairs to the second floor. [Appellant]—wearing a navy blue plastic face mask that revealed only his eyes—ran down the stairs and pointed a black pistol BB gun resembling a Crossman model revolver in Mr. Upshur's face.

Though Mr. Upshur put his hands up in the air, [Appellant] ordered Mr. Upshur and Zachary to lie face down on the floor. Standing over Mr. Upshur and pointing the gun at Mr. Upshur's head, [Appellant] asked Mr. Upshur whether anyone else was in the house; where Mr. Upshur's mother was; where Mr. Upshur's mother worked; and whether Mr. Upshur had any money. Mr. Upshur indicted where his mother worked and the time at which she would come home from work, and stated that he did not have any money. Though Mr. Upshur obeyed [Appellant], [Appellant] struck Mr. Upshur in the back of his head with the gun, rifled through Mr. Upshur's pockets, and stole Mr. Upshur's wallet and some cash. The attack on Mr. Upshur caused him to bleed and go to the hospital.

Thereafter, [Appellant] tied Mr. Upshur's hands with a scarf, asked Zachary a few questions, and ordered Mr. Upshur and Zachary upstairs. Upstairs in Ms. Upshur's room, [Appellant] again ordered the victims to lie down. [Appellant] began to search Ms. Upshur's room, shifting his attention away from the victims. During that moment, Mr. Upshur jumped up to grab [Appellant] and the front of [Appellant's] gun. While holding the front of [Appellant's] gun, Mr. Upshur and Zachary began to fight [Appellant]. During this fight, which lasted approximately five minutes, a screwdriver fell out of Ms. Upshur's nightstand. Mr. Upshur grabbed the screwdriver and stabbed [Appellant] in the eye, causing [Appellant] to release the gun.

Picking up [Appellant's] gun, Zachary then assisted Mr. Upshur drag [Appellant] downstairs and out of Mr. Upshur's house. At this point, Mr. Upshur and Zachary started yelling, causing Mr. Upshur's neighbor to call the police. Mr. Upshur and Zachary held [Appellant] down until the police arrived. While

- 2 -

waiting for the police, Zachary threw [Appellant's] gun to the ground fifteen to thirty feet away from [Appellant].

Shortly thereafter, numerous officers arrived at the scene. Police Officer Christopher Warwick observed his fellow officer, Officer Oliveri[2], arrest [Appellant]. Assisting Officer Oliveri, Officer Warwick searched [Appellant] incident to arrest. From this search, Officer Warwick recovered: one black glove, one partial role of duct tape, one set of metal cutter wires with a black handle, one navy . . . face mask, and Mr. Upshur's wallet, which contained Mr. Upshur's identification, birth certificate, social security card, bank cards, and access cards. Aside from the face mask, which was recovered from [Appellant's] head, Officer Warwick recovered each of these items from [Appellant's] front [right pants] pocket. Officer Warwick also observed [Appellant's] gun on the sidewalk, fifteen to thirty feet away from [Appellant].

Subsequent to this arrest, Mr. Upshur noticed that the back window to his house had been kicked in. Throughout the entire encounter, [Appellant] repeatedly told Mr. Upshur that he would kill him. Ms. Upshur did not know [Appellant], and she did not give him permission to enter her home.

(Trial Court Opinion, 12/11/14, at 3-5) (record citations omitted).

On May 24, 2013, the trial court sentenced Appellant to an aggregate term of not less than nine nor more than eighteen years' imprisonment. Appellant's timely post-sentence motion was denied by operation of law on October 2, 2013. *See* Pa.R.Crim.P. 720(b)(3)(a). This timely appeal followed.[3]

---

[2] Officer Oliveri's first name is not apparent from the record.

[3] An electronic filing error apparently prevented Appellant from filing a timely concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925; (*see also* Rule 1925(b) Statement, 7/29/14, at unnumbered page 2, ¶ 3). On July 8, 2014, this Court, in response to a motion filed by Appellant,
*(Footnote Continued Next Page)*

Appellant raises one question for our review:

> Was not the evidence insufficient to support the verdict of guilty of aggravated assault, graded as a felony of the first degree, inasmuch as the [A]ppellant's conduct did not establish the intent to cause serious bodily injury?

(Appellant's Brief, at 3). Specifically, Appellant argues that the Commonwealth failed to prove that he intended to cause serious bodily injury to the victim where he struck him only once in the back of the head with a BB gun causing a small cut, and the record is unclear as to when Appellant threatened to kill him. (*See id.* at 8-16).

However, before we may address the merits of Appellant's issue, we must determine whether he properly preserved it for our review. This Court has held:

> [W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925[(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Here, Appellant . . . failed to specify which elements he was challenging in his [Rule] 1925[(b)] statement . . . . While the trial court did address the topic of sufficiency in its opinion, we have held that this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in

*(Footnote Continued)* ─────────────

entered a *per curiam* order: remanding the case to the trial court; permitting Appellant to file Rule 1925(b) statement within twenty-one days; and directing the court to prepare an opinion in response to the statement. (*See* Order, 7/08/14). Appellant filed a timely Rule 1925(b) statement on July 29, 2014, and the trial court filed an opinion on December 11, 2014.

a selective manner dependent on [a party's] argument or a trial court's choice to address an unpreserved claim.

**Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citations and quotation marks omitted).

Here, Appellant's Rule 1925(b) statement does not identify which element of aggravated assault the Commonwealth allegedly failed to prove. (**See** Rule 1925(b) Statement, 7/29/14, at unnumbered page 2, ¶ 5(a)). Instead, the statement raises the following generic issue: "The evidence was insufficient as a matter of law to support a conviction for aggravated assault." (**Id.**). Although the trial court addressed the sufficiency issue in its opinion, "this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion[.]" **Gibbs**, *supra* at 281 (citation omitted). Accordingly, we conclude that Appellant's sufficiency challenge is waived. **See id.**; *see also Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (determining that appellant waived sufficiency claim where his "Pa.R.A.P. 1925(b) statement simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'") (record citation omitted).

Moreover, even if Appellant did not waive his sufficiency claim, it would still not merit relief.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and

circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Giordano*, 121 A.3d 998, 1002-03 (Pa. Super. 2015) (citations omitted).

The Pennsylvania Crimes Code defines the offense of aggravated assault as follows:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1). The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

In the instant case, while the victim did not sustain actual, serious bodily injury, the trial court determined that Appellant attempted to cause such injury. (*See* Trial Ct. Op., at 5-6).

Where the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury. A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901(a). An attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.] As intent is a subjective frame of mind, it is of necessity difficult of direct proof. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.

*Commonwealth v. Fortune*, 68 A.3d 980, 985 (Pa. Super. 2013) (*en banc*), *appeal denied*, 78 A.3d 1089 (Pa. 2013) (case citation and quotations marks omitted).

[I]n instances where the defendant draws a weapon, threatens to use it on the victim and is prevented from doing so by the physical intervention of another actor, we have found that the Commonwealth presented sufficient evidence to demonstrate that the appellant took a substantial step, with the required specific intent, to perpetrate a serious bodily injury upon another.

*Commonwealth v. Matthews*, 870 A.2d 924, 929 (Pa. Super. 2005), *aff'd sub nom. Commonwealth v. Matthew*, 909 A.2d 1254 (Pa. 2006) (citations omitted). Furthermore, "a BB gun [qualifies] as a deadly weapon" because it is capable of producing death or serious bodily injury. *Commonwealth v. Ramos*, 920 A.2d 1253, 1260 (Pa. Super. 2007), *appeal denied*, 932 A.2d 1288 (Pa. 2007).

Here, the trial court addressed this issue as follows:

In the course of the robbery in this case, [Appellant] drew his gun, pointed the gun at his victims, ordered his victims to lie on the ground, tied-up one of his victims, caused one of his victims to bleed by striking that victim on the back of the head, threatened to kill one of his victims multiple times, escorted his victims to an upstairs bedroom, and searched one of his victim's mother's bedrooms with a gun in his hand. This assault only stopped when the victims managed to grab [Appellant's] gun and force the gun out of [Appellant's] hands by fighting with [him] for five minutes. In the light most favorable to the Commonwealth, [Appellant] in this case therefore drew his weapon, threatened to use it on the victims, and was only prevented from doing so by physical intervention by his victims. Accordingly, the Commonwealth presented sufficient evidence to demonstrate that [Appellant] committed aggravated assault by attempting to cause serious bodily injuries to his victims.

(Trial Ct. Op., at 6) (citations omitted).

After review, we agree with the trial court, and we would conclude that Appellant's challenge to the sufficiency of the evidence lacks merit. The Commonwealth presented sufficient evidence of record for the court to infer that Appellant possessed the intent to inflict serious bodily injury. Accordingly, Appellant's sole issue on appeal would not merit relief, even if it were not waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2015