J-S56026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.S.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.S.L., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1031 MDA 2018 |

Appeal from the Order Entered, April 23, 2018,
in the Court of Common Pleas of Clinton County,
Juvenile Division at No(s): CP-18-JV-0000076-2017.

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 08, 2019**

Appellant J.S.L., a minor, appeals the dispositional order entered by the juvenile court adjudicating him delinquent on one count of aggravated assault of a school employee pursuant to 18 Pa.C.S.A. §2702(a)(5), a felony of the second degree. After careful review, we affirm.

This case arises from an incident on a school bus, where the entire episode was recorded on the bus security camera and admitted into evidence. On September 22, 2017, as children were boarding the buses at the end of the school day, Appellant engaged in an altercation with another student. Appellant wanted to sit next to his girlfriend in the back of the bus, but another student occupied the seat. Appellant thought this other student was restricted to sitting in the front seats. Taunts and insults ensued. Appellant lifted the student by his shirt and backpack and pushed him into the aisle; Appellant

testified that at the time of the incident he was 5'10", 200 pounds. As the other student was walking toward the front of the bus, he turned back to Appellant and exchanged more words and a hand gesture. Appellant, clearly angered, leapt out of his seat to approach the other student.

Contemporaneously, the bus driver called for assistance. School resource officer David Vangorder was on an adjacent bus and quickly responded. Officer Vangorder boarded the bus just after Appellant was making his way to the other student. He intervened by physically placing himself between Appellant and the other student. Officer Vangorder told Appellant he would need to leave the bus with him. The Appellant, frustrated by the perceived injustice, replied: "I'm not fucking going with you." Officer Vangorder then stepped toward Appellant, who shoved Officer Vangorder in the chest forcing him slightly backward. Appellant admitted he gave Officer Vangorder "a good shove." The two tussled a bit further, but not with the same force as the intial shove. Officer Vangorder told Appellant to stop and calm down, eventually persuading Appellant to sit down in one of the empty seats. The whole interaction between the Appellant and Officer Vangorder lasted between 20 and 30 seconds. Another officer and the principal got to the bus and escorted the Appellant off.

Officer Vangorder testified that he experienced a cramping sensation in his arm during the tussle. Immediately after the incident, Officer Vangorder tried shaking out his arm to rid the sensation. When he looked down, he noticed his bicep was disfigured and bulged. He went to urgent care where

the preliminary prognosis was a detached bicep. The specifics and extent of the injury are unknown, as they were deemed inadmissible following the defense's objection.[1] In any event, Officer Vangorder could not work for seven weeks and had to undergo painful rehabilitation.

The trial court determined that the prosecution could not carry the burden of aggravated assault under 23 Pa.C.S.A. § 2702(a)(2), because, without medical evidence, there was not enough proof to show that Officer Vangorder suffered "serious bodily injury." Instead, the court adjudicated the Appellant delinquent of aggravated assault under § 2702(a)(5), which only requires an assault victim, who is a school employee, to suffer mere "bodily injury." The court declined to adjudicate on the charges of disorderly conduct and harassment. On April 23, 2018, the court imposed a term of probation and ordered Appellant to complete 100 hours community services and to submit to a behavioral evaluation. *See* Dispositional Order, 4/23/18, at 1-2. The court declined to impose restitution. *See id.*

Appellant filed this timely appeal. He presents two issues for our review:

> 1. Whether the evidence was insufficient to adjudicate the juvenile on the charge of aggravated assault.
>
> 2. Whether the finding of delinquency was against the weight of the evidence.

*See* Appellant's Brief, at 6.

---

[1] The court excluded further evidence and testimony on the matter because the Commonwealth had not complied with discovery of the medical records.

- 3 -

Appellant's first claim challenges the sufficiency of evidence supporting the aggravated assault.

In evaluating a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, our standard of review is as follows:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348-349 (Pa. Super. 2013) (quotation omitted)(citation omitted).

A person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to [a school employee] while acting in the scope of his or her employment or because of his or her

- 4 -

employment relationship to the school. 18 Pa.C.S.A. § 2702(a)(5).[2] We also observe that a person acts intentionally with respect to a material element of the offense when, if the element involves the nature of his conduct or the result thereof, it is his conscious object to engage in the conduct of that nature or to cause such result. 18 Pa.C.S.A. § 302(b)(1). A person acts knowingly with respect to a material element of an offense when, if the element involves the result of his conduct, he is aware that it is practically certain that his conduct will cause such a result. 18 Pa.C.S.A. § 302(b)(2). Appellant does not contest that Officer Vangorder suffered bodily injury. *See* 18 Pa.C.S.A. § 2301 (defining "bodily injury").

Both parties essentially rest their cases on the surveillance video. Indeed, this video supplies more clarity than mere testimony. The video clearly demonstrated that Appellant intended to "engage in the conduct," i.e. shove, Officer Vangorder. As Officer Vangorder placed himself between Appellant and the other student, Appellant stated that he refused to leave with Officer Vangorder. Appellant said this while retracting his arm away from Officer Vangorder's reach. Undeterred, Officer Vangorder then took another step forward toward Appellant. Appellant testified that he was angry and frustrated, which was certainly evident in Appellant's facial expression when he shoved Officer Vangorder backward. The act was intentional. Less than

---

[2] In his capacity as a school resource officer, Officer Vangorder met the statutory definition of a school employee, as he was an "other employee…of any elementary or secondary publicly funded education institution…."

obvious is the proposition by the Commonwealth that Appellant tried to wrestle the officer to the ground. The two briefly tussled in locked arms. Although this portion of the video is partially obstructed by another student in the foreground, it appears to show Appellant mostly using his large size to resist being moved, as opposed to using his size to move Officer Vangorder.[3]

Unlike in many aggravated assault cases, this sufficiency challenge does not hinge on the seriousness of the injury and whether intent can be inferred from the surrounding circumstances. *See, e.g., Commonwealth v. Matthew,* 909 A.2d 1254, 1257 (Pa. 2006) ("As intent is a subjective frame of mind, it is of necessity difficult of direct proof. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.") Here, the evidence is direct, and the statutory requirement for aggravated assault is Officer Vangorder's position as a school employee. We need not address whether Appellant acted knowingly. There is sufficient evidence to support a finding that Appellant intentionally shoved Officer Vangorder, who sustained bodily injury.

Turning now to Appellant's second issue,[4] we observe our Supreme Court's standard for reviewing weight of the evidence claims:

---

[3] We cannot question the wisdom of the Commonwealth's discretion to prosecute Appellant for aggravated, rather than simple, assault. But we note the Commonwealth's position that Appellant tried to wrestle Officer Vangorder to the ground is largely an overstatement.

[4] We note that Appellant preserved this issue by raising it in a post-disposition motion.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay,* 64 A.3d 1049, 1054-55 (Pa. 2013) (quotation marks, quotations, and citations omitted); *see also In re C.R.*, 113 A.3d 328, 336, n.7 (Pa. Super 2015). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Mucci*, 143 A.3d 399, 411 (Pa. Super. 2016) (citation omitted).

Here, once again, the surveillance video eliminates any doubt. We note that all parties are in agreement that Appellant shoved Officer Vangorder in

the chest. We also note that the officer's injury was to his upper arm. To the extent any discrepancy about this exists, however, the trial court did not abuse its discretion in attributing the injury to Appellant's intentional contact.

*Mucci* is instructive. In that case, a police officer suffered back injuries when the appellant, seeking to flee the crime scene in a vehicle, drove into the police officer's cruiser. The appellant argued that the officer was injured when the police cruiser rammed into his vehicle, not the other way around. *Mucci*, 143 A.3d at 409. We said the discrepancy did not matter. "The evidence plainly reveals that, whether Officer Billie was injured when he 'rammed into' [a]ppellant's vehicle, or vice versa, Officer Billie was acting in accordance with his duty in attempting to stop [a]ppellant's fleeing vehicle." *Id.* Consequently, we affirmed the appellant's conviction for aggravated assault.[5]

Similarly, Officer Vangorder was acting within the scope of his employment when: he boarded the bus at the driver's request; he was shoved by Appellant; and he locked arms with Appellant in the resulting tussle. To the extent Appellant argues that the injury occurred during this phase of the altercation, it was not against the weight of the evidence for the trial court to

_____

[5] Mucci was convicted under 18 Pa.C.S.A. § 2702(a)(3), which is specific to police officers, among others, who are assaulted **while in the performance of their duty**. We conclude that this language is the functional equivalent to the language in § 2702(a)(5), which is specific to school employees, who are assaulted **while acting in the scope of their employment or because of their employment relationship to the school**.

find that Appellant's intentional contact caused the injury. Our conscience is not shocked by this result.

The direct evidence reveals both that there was sufficient evidence to support aggravated assault and that the trial court's exercise of discretion was not against the weight of the evidence.

Adjudication order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2019