J-S02017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| RYAN EDWARD BROCK | : | |
| | : | |
| Appellant | : | No. 1368 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 30, 2019
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000097-2018

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 20, 2020**

Appellant, Ryan Edward Brock, appeals from the judgment of sentence entered in the Huntingdon County Court of Common Pleas, following his jury trial conviction for aggravated assault.[1]  We affirm.

In its opinion, the trial court sets forth the relevant facts of this case as follows:

> On November 22, 2017, [Appellant] was an inmate at the State Correctional Institution at Huntingdon, Pennsylvania….  Mr. Kenneth Boal was the sergeant assigned to Bravo block where [Appellant] was housed.  At or around 3:00 p.m.[,] Sergeant Boal noticed [Appellant] at a desk located at the end of the block.  He overheard [Appellant] conversing with a Corrections Officer…about seeing someone from the psychology department. [Appellant]…was insistent that he wanted a psychologist to come to the block and see him immediately.  Sergeant Boal testified that [Appellant] was agitated.  He related that he told [Appellant] that a call to psychology would be made,

_____

[1] 18 Pa.C.S.A. § 2702(a)(3).

and that he should return to his cell. [Appellant] complied with the order and started down the tier towards his cell. Sergeant Boal followed him. At a point midway down the tier, [Sergeant] Boal testified [Appellant] planted a foot, spun around, and hit him on the left side of his face. His glasses flew off, and he and [Appellant] (who is substantially younger) engaged in a struggle. [Appellant] struck him…with multiple blows to both sides of his head. Sergeant Boal was able to take [Appellant] to the floor, but…he continued to kick and swing. Another officer—CO Roberta Miller—was on the tier when the fight began and she called for help, and then she gained control of [Appellant's] legs. Other officers responded, and [Appellant] was sprayed with pepper spray which rather quickly brought the fight to a conclusion.

(Trial Court Opinion, filed October 2, 2019, at 1-2).

Following trial, a jury convicted Appellant of aggravated assault. On July 30, 2019, the court imposed a sentence of twenty-seven (27) to fifty-four (54) months' imprisonment consecutive to any sentence Appellant was already serving. Appellant did not file post-sentence motions. On August 15, 2019, Appellant timely filed a notice of appeal and voluntary Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issue for our review:

SHOULD [APPELLANT] HAVE BEEN GRANTED A VERDICT OF ACQUITTAL, GIVEN THAT THE EVIDENCE PRESENTED AT TRIAL FAILED TO PROVE THE ELEMENTS OF THE CRIME CHARGED?

(Appellant's Brief at 2).

On appeal, Appellant asserts the Commonwealth failed to provide any evidence to prove that he intended to injure Sergeant Boal. Appellant claims he was seeking psychology services, and Sergeant Boal denied the request

and ordered him to return to his cell. Appellant acknowledges he reacted to the order with anger, but Appellant insists he did not have the purpose of causing an injury to Sergeant Boal. Appellant concludes the Commonwealth presented insufficient evidence to support the aggravated assault conviction. We disagree.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jackson*, 215 A.3d 972, 980 (Pa.Super. 2019) (quoting

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal*

*denied*, 613 Pa. 642, 32 A.3d 1275 (2011)).

The Pennsylvania Crimes Code defines the offense of aggravated

assault, in relevant part, as follows:

**§ 2702. Aggravated assault**

   **(a) Offense defined.**—A person is guilty of aggravated assault if he:

      \*    \*    \*

     (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

      \*    \*    \*

   **(c) Officers, employees, etc., enumerated.**—The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

      \*    \*    \*

     (9) Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

18 Pa.C.S.A § 2702(a)(3), (c)(9). Sections (a)(3) and (c) list protected classes of persons and evince the legislative concern with protecting these classes, as well as a decision to attach more serious consequences to behavior that threatens law enforcement officers while in the performance of their duties. *Commonwealth v. Jones*, 629 A.2d 133 (Pa.Super. 1993).

A person is guilty of aggravated assault on a corrections officer if the person attempts to cause or intentionally or knowingly causes bodily injury to

the officer during performance of duty. ***Commonwealth v. Brown***, 23 A.3d 544, 560 (Pa.Super. 2011) (*en banc*). Therefore, in the context of aggravated assault on a corrections officer, the Commonwealth does not need to establish that the corrections officer actually suffered a bodily injury. ***Id.*** Rather, the Commonwealth need only establish an attempt to inflict bodily injury. ***Id.***

To show an attempt to cause bodily injury, the Commonwealth must establish the defendant acted with specific intent to cause bodily injury. ***Commonwealth v. Matthew***, 589 Pa. 487, 491-92, 909 A.2d 1254, 1257 (2006). A person acts with intent with respect to a material element of the crime, if "it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S.A. § 302(b)(1)(i). Therefore, the Commonwealth can prove the requisite intent to inflict bodily injury by showing factual circumstances that reasonably suggest the defendant intended to cause injury. ***Brown, supra*** at 560.

Instantly, Sergeant Boal testified that Appellant requested psychological services. Sergeant Boal attempted to follow institutional protocol, informing Appellant that he would make a call to request the services. In the meantime, Sergeant Boal needed to return Appellant to his cell. While returning to the cell, Appellant planted his foot, spun around, and punched Sergeant Boal with a closed fist to the head. Appellant repeatedly punched Sergeant Boal until other officers subdued Appellant. Further, Sergeant Boal sought immediate medical attention for the injuries caused by Appellant's flurry of punches.

Contrary to Appellant's contentions, the Commonwealth produced sufficient evidence to establish Appellant's intent to cause Sergeant Boal bodily injury. *See Matthew, supra*; *Brown, supra*.  Therefore, Appellant's issue lacks merit.  Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/20/2020