J-S40005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD LANDERS | : | |
| | : | |
| Appellant | : | No. 129 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 24, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002982-2021

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED FEBRUARY 14, 2023**

George Landers appeals from the judgment of sentence entered after the trial court convicted him of aggravated assault and other crimes based on allegations he threw bricks at a vehicle being driven by his neighbor, Brittany Pugh.  On appeal, Landers claims there was insufficient evidence to establish that he had the specific intent to cause serious bodily injury to support his conviction for aggravated assault. We disagree and therefore affirm.

For purposes of this appeal, the following facts are undisputed. ***See*** Appellant's Brief, at 5-8. Landers and Pugh were neighbors living on the same street in Philadelphia. On March 26, 2021, Landers began shouting threats at Pugh with statements such as "count your days" and "I got people on your head. And they're watching you, and they're going to kill you." N.T., waiver trial, 9/21/21, 16, 18. Pugh called the police and, since the police had not yet

arrived, she loaded her children into her SUV and attempted to drive away. *See id.*, at 18-20.

Pugh stopped at a traffic light at the end of the street where Landers continued to pursue and harass her. *See id.*, at 20-21. After Pugh told Landers to leave her alone, he began throwing bricks in the direction of Pugh who was seated in the driver's seat of the vehicle. *See id.*, at 21. Pugh was hit by three bricks; one struck her hand and two in the stomach. *See id.*, at 21-22. Other bricks hit the vehicle breaking a window, a mirror and denting the exterior. *See id.*, at 27-28.

Attempting to flee, Pugh drove erratically around a construction zone and onto the sidewalk. *See id.*, at 22-23. The attack ended when Pugh's family came outside in response to her screams for help and Landers walked away from the scene continuing to shout threats at Pugh: "I'm still going to get you. This ain't over. Watch your back." *Id.*, at 29-30. Pugh did not suffer serious physical injuries as a result of being hit by the bricks. *See id*., at 27.

Ultimately, Landers was arrested and, following a bench trial on September 21, 2021, he was convicted of aggravated assault, possession of an instrument of crime ("PIC"), terroristic threats, simple assault, criminal mischief, and recklessly endangering another person ("REAP"). He was sentenced to two and a half years to five years of confinement for aggravated assault, three concurrent sentences of two years of probation for PIC,

terroristic threats, and REAP, and a concurrent sentence of one year of probation for criminal mischief.

On appeal, Landers claims that the evidence was insufficient to find that he had the intent to inflict serious bodily harm on Pugh and, instead, showed his intent to instill fear in her. Therefore, he argues that his conviction for aggravated assault is not sufficiently supported by the evidence.

When reviewing the sufficiency of the evidence, the court must view the evidence in a light most favorable to the verdict winner. *See Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000). In cases of criminal convictions, each element of the crime must be sufficiently evidenced beyond a reasonable doubt but, "the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.*

"A person is guilty of aggravated assault if he: attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Since it is undisputed that Pugh did not suffer serious bodily injury, "the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury." *Commonwealth v. Fortune*, 68 A.3d 980, 985 (Pa. Super. 2013). An attempt requires the defendant take an intentional and substantial step towards the commission of a crime. *See Id.*

The court must evaluate a defendant's intent to inflict serious bodily injury on a "case-by-case basis" and with consideration of the "totality of the circumstances." *Commonwealth v. Matthew*, 909 A.2d 1254, 1257 (Pa. 2006). Relevant factors that may shed light on a person's intent may include, "any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury." *Id.* (citation omitted).

Here, Landers argues the evidence proved he had the intent to instill fear in Pugh, not the intent to inflict serious injury. Therefore, he claims the evidence only supported a verdict of simple assault, not aggravated assault.

First, Landers argues his threats to have the victim killed were evidence that he only intended to instill fear in Pugh. Landers suggests, since the inherent intent of a threat is to instill fear, he continued with that intent by throwing bricks at Pugh's car to scare her. Once Landers took the overt action of pursuing Pugh's car and throwing multiple bricks, the threats directed at

Pugh before, during, and after throwing bricks, served as evidence of Landers's intent. This evidence was sufficient to allow the fact-finder to infer that Landers intended to seriously injure Pugh.

Next, Landers claims he threw bricks to cause damage to the car, not to strike Pugh. Landers argues the damage to the vehicle was evidence supporting that his only intended target was the vehicle, and some of the bricks struck Pugh unintentionally. However, given Landers's threats to Pugh's personal safety, as well as the fact that three bricks struck Pugh, the factfinder was entitled to infer that Landers intended to hit Pugh. *See Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008) ("Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." (citation omitted)).

Landers cites to a dissenting opinion of the Pennsylvania Supreme Court which asserts, "[w]here a finder of fact is presented with evidence that could support two reasonable conclusions, one of which leads to a finding of guilty and the other to a finding of not guilty, it is improper for the fact finder, in the absence of additional evidence, to choose the one that implies guilt." *Matthew*, 909 A.2d at 1259 (J. Baldwin, dissenting). Landers once again contends that the evidence at trial merely supported an inference that he intended to frighten Pugh, but not cause her serious bodily injury. However, as discussed above, there was sufficient additional evidence of Landers's intent to support a finding that Landers did not merely intend to frighten Pugh.

In addition to his verbal threats, Landers hit Pugh with not one, but three bricks. **See** N.T. 9/21/22, 21-22. All of this evidence was sufficient to allow the factfinder to determine Landers struck Pugh intentionally.

Therefore, when viewed in a light most favorable to the Commonwealth, we find there is sufficient evidence to conclude Landers had the intent to inflict serious injury necessary to uphold the conviction of aggravated assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023