J-S26015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SCOTT A. FOSTER, | |
| Appellant | No. 2320 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 29, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005973-2015

BEFORE: BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JULY 06, 2018**

Appellant, Scott A. Foster, appeals from the judgment of sentence of one year (less a day) to two years' (less a day) imprisonment, followed by 10 years' probation, entered after he was convicted of two counts of aggravated assault and other related offenses. We affirm.

The trial court has summarized the factual background and procedural history of this case, as follows:

> Kimberly and Joseph Gersch[1] resided in an apartment building in Hatfield, Montgomery County, with their two minor daughters.[2] The couple learned that [Appellant], a neighboring apartment tenant, had been complaining to local law enforcement and the landlord about an odor of marijuana in the building. The Gersches met with the landlord on July 24, 2015, and denied being the source of the odor.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The individuals involved in this case, excluding [Appellant], will be referred to by their first names to avoid confusion. No disrespect is intended.

[2] The children were four and five years old at the time.

Later that day[,] the Gersches and their daughters were in the apartment['s] parking lot, preparing to leave for dinner, when they saw [Appellant's] then 17-year-old son. Kimberly approached [Appellant's son] and asked if his mother was around so the two could speak. [Appellant's son] responded that he was training to be a Philadelphia police officer and Kimberly could speak with him. Kimberly then asked that he tell his father to lay off because she felt like there had been problems since the Gersches had moved to the complex.[3] [Appellant's son] returned to his apartment and Kimberly began having a discussion in the parking lot with another neighbor.

[3] This court, as fact-finder, determined the Gersches were credible witnesses and did not credit [Appellant's] self-serving testimony.

[Appellant] emerged from his apartment cursing at Kimberly. He stood within inches of her, screaming and flailing his arms. Joseph approached, put his hand on [Appellant's] chest and told him to step back. No other physical contact occurred among [Appellant] and the Gersches. The argument eventually ended and Joseph took his younger daughter back into their apartment so she could use the bathroom.

[Appellant], in contrast, returned to his apartment to get his nine-millimeter semi-automatic handgun.[4] He initially could not find it, but eventually located it after asking his wife if she had moved it. He removed the handgun from its locked safe and loaded it.

[4] [Appellant] lawfully owned the firearm and had a permit to carry.

Contemporaneously, Kimberly had been standing outside the Gersches' car with her five-year-old daughter, waiting for her husband and other daughter to return. She noticed a commotion coming from [Appellant's] apartment and heard him saying "where is it," "I am taking it outside," and "don't tell me what to do."

The Gersch family eventually got back into their car and were leaving for dinner when [Appellant's] daughter, Brittany, came out into the parking lot screaming at Kimberly and accusing her of making Brittany's mother ([Appellant's] wife) punch a wall or dresser. Kimberly left the car and told Brittany she had done nothing to her mother. Kimberly then opened the back door of the car to adjust the seatbelt for one of her daughters.

[Appellant] reappeared within steps of Kimberly and pointed his handgun in her face. He told Kimberly "he was going to blow [her] fucking brains out." None of the Gersches had any weapons. Joseph heard [Appellant's] threat and came to the back of the car. [Appellant] then put the gun in Joseph's face, about an inch from one of his eyeballs. [Appellant] told Joseph he would "blow [his] fucking head off, too." Joseph asked if the gun was loaded and [Appellant] said "yes." [Appellant] then tried to chamber a round, but his hand slipped. He tried to chamber a round again but the bullet popped out [of] the gun. [Appellant] picked it up and put it back in the gun.

During this time, a neighbor had grabbed the Gersches' daughters from the car and [had] taken them to safety. Kimberly also called 911 and other neighbors began to come out of their apartments. Sirens eventually could be heard and [Appellant] went back into his apartment. Police apprehended him inside and located the gun he had used during the incident.

The Commonwealth initially charged [Appellant] with more than 30 offenses. The case proceeded to a trial by judge and the Commonwealth amended the Information to reduce the total number of charges to eight: two counts of aggravated assault;[5] one count of terroristic threats;[6] two counts of simple assault;[7] one count of recklessly endangering another person;[8] and two counts of disorderly conduct.[9] This court found [Appellant] guilty of all eight counts and later imposed an aggregate sentence on the aggravated assault convictions of one year (less a day) to two years (less a day), plus probation.[10]

[5] 18 Pa.C.S. § 2702(a)(1),(4).

[6] 18 Pa.C.S. § 2706(a)(1).

[7] 18 Pa.C.S. § 2701(a)(1),(3).

[8] 18 Pa.C.S. § 2705.

[9] 18 Pa.C.S. § 5503(a)(1),(4).

[10] The remaining convictions either merged for purposes of sentencing or had no further penalty imposed.

[Appellant] filed a post-sentence motion, seeking reconsideration of his sentence, which this court denied. He filed a notice of appeal and subsequently complied with this court's directive that he produce a concise statement of errors in accordance with Pa.R.A.P. 1925(b).

Trial Court Opinion (TCO), 9/22/2017, at 1-4 (internal citations omitted; some brackets added).

Presently, Appellant raises the following issues for our review:

1. Was the evidence insufficient to support [Appellant's] convictions for aggravated assault where he did not cause, or attempt to cause, serious bodily injury?

2. Was the evidence insufficient to support [Appellant's] convictions for simple assault where he did not cause, or attempt to cause, bodily injury?

Appellant's Brief at 2.

Before delving into the substance of Appellant's issues, we must first determine whether Appellant properly raised these issues for our review in his Rule 1925(b) statement. In his Rule 1925(b) statement, Appellant presented the following claims:

1. The evidence was insufficient to sustain a conviction for aggravated assault because [Appellant] did not attempt to cause serious bodily injury to anyone as there was no evidence that he ever made any effort or took any action to inflict bodily injury and there was no serious bodily injury actually inflicted upon anyone.

2. The evidence was insufficient to sustain a conviction for simple assault because [Appellant] did not attempt to cause … bodily injury to anyone as there was no evidence that he ever made any effort or took any action to inflict bodily

[i]njury and there was no bodily injury inflicted upon anyone.

Appellant's Rule 1925(b) statement, 8/25/2017, at 1 (unnumbered pages).

The trial court stated that Appellant has waived the first issue because he was convicted of two different types of aggravated assault, but does not specify in his concise statement whether he is challenging both of those convictions. *See* TCO at 6. Likewise, the trial court found that Appellant waived his second issue because he was convicted of two different types of simple assault, but again has not identified whether he is contesting both of those convictions in his concise statement. *Id.* at 9.

While we agree that Appellant's Rule 1925(b) statement should have specified which convictions he sought to challenge, we decline to deem Appellant's issues waived. Despite Appellant's lack of specificity, the trial court was nevertheless able to address the merits of Appellant's issues. In addition, this case is not particularly complex, and the record is manageable. *See Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007) (declining to find waiver of sufficiency claim due to nonspecific Rule 1925(b) statement where the case was relatively straightforward, the record was not lengthy, and the trial court readily apprehended the appellant's claim and addressed it in detail); *Commonwealth v. Richard*, 150 A.3d 504, 518 (Pa. Super. 2016) (determining that "[a]lthough [the a]ppellant did not specify the allegedly unproven element or elements of his convictions in his Rule 1925(b) statement, we find this statement was sufficient to preserve a challenge to the sufficiency of the evidence to sustain his convictions…") (citation omitted).

- 5 -

Moving now to the merits, we set forth our standard of review for sufficiency claims:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact[-]finder properly could have based its verdict.
>
> …
>
> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fortune*, 68 A.3d 980, 983-84 (Pa. Super. 2013) (*en banc*) (internal citations and quotation marks omitted; some brackets added).

In his first issue, Appellant claims that the evidence was insufficient to sustain his convictions for aggravated assault under 18 Pa.C.S. § 2702(a)(1) and (a)(4). *See* Appellant's Brief at 7, 8, 12-13. He argues that the evidence failed to establish that he acted with the requisite intent to cause either serious bodily injury for purposes of Section 2702(a)(1), or bodily injury for purposes of Section 2702(a)(4), to Kimberly or Joseph. *See id.* at 5. We disagree.

The applicable statute sets forth the elements of those crimes as follows:

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

- 6 -

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

…

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

18 Pa.C.S. § 2702(a)(1),(4).  Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S. § 2301.  In contrast, bodily injury constitutes "[i]mpairment of physical condition or substantial pain."  **Id.**

With respect to aggravated assault under Section 2702(a)(1), this Court has previously explained:

> For aggravated assault purposes, an "attempt" is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.  An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances.
>
> The Pennsylvania Supreme Court in **Commonwealth v. Alexander**, 477 Pa. 190, 383 A.2d 887 (1978)[,] created a totality of the circumstances test to be used to evaluate whether a defendant acted with the necessary intent to sustain an aggravated assault conviction.  In **Commonwealth v. Matthew**, 589 Pa. 487, 909 A.2d 1254 (2006), that Court reaffirmed the test and articulated the legal principles which apply when the Commonwealth seeks to prove aggravated assault by showing that the defendant attempted to cause serious bodily injury.  Specifically, the Court stated, in relevant part, that:
>
>> **Alexander** created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury.  **Alexander** provided a list, albeit incomplete, of factors that may be considered in determining whether the

- 7 -

> intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. *Alexander*, [383 A.2d] at 889. *Alexander* made clear that simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.
>
> *Matthew*, 909 A.2d at 1257 (citation and quotation marks omitted). The Court indicated that our case law does not hold that the Commonwealth never can establish a defendant intended to inflict bodily injury if he had ample opportunity to inflict bodily injury but did not inflict it. Rather, the totality of the circumstances must be examined as set forth by *Alexander*. *Id.*

*Fortune*, 68 A.3d at 984 (some internal citations and quotation marks omitted). Similarly, with respect to Section 2702(a)(4), "our inquiry … is whether … [the] defendant took a substantial step and demonstrated … an intent to inflict bodily injury[.]" *Commonwealth v. Gruff*, 822 A.2d 773, 780 (Pa. Super. 2003).

To illustrate, in *Fortune*, this Court determined that the following evidence supported a finding that the appellant in that case had acted with the requisite intent to cause serious bodily injury under Section 2702(a)(1):

> [The a]ppellant appeared before the victim without warning, pointed a gun at the middle of her forehead, demanded her keys, and threatened to "blow [her] head off" if she did not comply. The victim indicated that [the a]ppellant grasped one end of [her] keys while she held a key in her hand. She also estimated that the gun was less than a half inch from the area between her eyebrows at the time. Under such circumstances, [the a]ppellant was not "merely pointing" the gun at the victim while making a conditional

threat. Rather, his simultaneous demand to her to act was direct and uttered while he constantly pointed his weapon squarely at a vital part of her body and while he was holding the opposite end of the keys that were also still in her hand. As such, we find there was sufficient evidence from which a jury could have found that the [a]ppellant attempted to cause serious bodily injury upon the victim.

We further find there was sufficient evidence from which the jury could have concluded that [the a]ppellant took a substantial step towards inflicting serious bodily injury since he pointed a gun at the middle of the victim's forehead, threatened to kill her, and did not do so only because the victim fled. *See Matthew, supra* (finding a substantial step to inflict serious bodily injury had been taken where the appellant pushed a loaded gun against the victim's throat, threatened to kill him, and pointed it at him before fleeing the scene). "The only remaining step [a]ppellant would have had to take to inflict serious bodily injury upon [the victim] would have been to pull the trigger on the gun, which would have obviously caused serious bodily injury." *Matthew*, 589 Pa. at 494, 909 A.2d at 1259 (citation omitted).

Moreover, we hold there was sufficient evidence for the jury to conclude [the a]ppellant possessed the requisite intent to inflict serious bodily injury upon the victim when he threatened to "blow her head off." As was the case in *Matthew*, if this threat alone had not been enough to establish his intent, the jury properly could have determined it from his pointing of the gun at the middle of her forehead during the carjacking. *Matthew*, 909 A.2d at 1259 ("Where the intention of the actor is obvious from the act itself, the [fact-finder] is justified in assigning the intention that is suggested by the conduct.") (quotation omitted).

Under the totality of the circumstances, the jury certainly was free to find, *inter alia*, that [the a]ppellant intended to carry out his threat but did not do so for a variety of reasons. The fact the victim managed to drop her keys and successfully escape does nothing to negate a finding that [the a]ppellant possessed the proper *mens rea* at the time he pointed the gun at the victim. In sum, in applying the totality of the circumstances approach as *Matthew* dictates, we find [the a]ppellant's claim there was insufficient evidence to sustain his conviction for Aggravated Assault must fail.

*Fortune*, 68 A.3d at 986-87 (some internal citations and footnote omitted; some brackets added).

Here, Appellant claims that the Commonwealth failed to establish that he acted with the requisite intent to cause the Gersches either serious bodily injury, or bodily injury. *See* Appellant's Brief at 11, 12-13. Appellant points out that he "testified that his finger was never on the trigger and this fact was never disputed by the Commonwealth." *Id.* at 11 (citation omitted). Moreover, he argues that he "had ample opportunity to inflict serious bodily injury and chose instead to walk away from the dispute." *Id.* at 12.

> These arguments are specious. As the trial court aptly discerned,
>
> [Appellant's] words and actions belie his claim that he never "made any effort or took any action to inflict bodily injury." Rule 1925(b) Statement, ¶ 1. After the verbal dispute had ended, he went into his apartment searching for his handgun. He eventually found it and loaded it. He went back out to the parking lot and pointed the weapon at Kimberly's face and told her he was going to blow her head off. When her husband stepped between them, [Appellant] placed the handgun within an inch of one of Joseph's eyeballs and said he would blow Joseph's head off too. [Appellant] attempted to chamber a round, but his hand slipped. He attempted to chamber a round again, but the bullet fell out. He then picked up the bullet and put it back in the gun. He continued to point the gun at Joseph for some time and left after hearing the sound of an approaching police siren. This evidence sufficed to show [Appellant] took a substantial step towards inflicting serious bodily injury on the Gersches. In addition, the threats to blow the Gersches' heads off while pointing a firearm directly at, and in close proximity to, their heads, further sufficed to show [Appellant] possessed the requisite intent to inflict serious bodily injury.

TCO at 8-9 (footnote omitted).

- 10 -

Under **Fortune**, it is clear that the above-stated evidence was sufficient for the jury to conclude that Appellant acted with the requisite intent to cause serious bodily injury pursuant to Section 2702(a)(1), as well as bodily injury under Section 2702(a)(4). Accordingly, we affirm Appellant's aggravated assault convictions.

In his second issue, Appellant asserts that the Commonwealth failed to present sufficient evidence to sustain his convictions for simple assault under 18 Pa.C.S. § 2701(a)(1). **See** Appellant's Brief at 14.[1] Again, he argues that

_____

[1] We must acknowledge an apparent inconsistency in the parties' briefs. Appellant claims that he was found guilty of two counts of simple assault under 18 Pa.C.S. § 2701(a)(1). **See** Appellant's Brief at 14. Indeed, in the reproduced record filed by Appellant, the docket reflects that he was convicted of two counts of simple assault pursuant to 18 Pa.C.S. § 2701(a)(1). However, the Commonwealth and the trial court state that Appellant was convicted of two different types of simple assault pursuant to 18 Pa.C.S. § 2701(a)(1) and (a)(3). **See** Commonwealth's Brief at 14; TCO at 4, 9-10. To differentiate, Section 2703(a)(1) sets forth that a person is guilty of assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[,]" whereas Section (a)(3) occurs when an individual "attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S. § 2701(a)(3).

Based on our review of the record, we agree with the Commonwealth and the trial court that Appellant was convicted of two different types of simple assault. The amended information filed by the Commonwealth charged Appellant with, *inter alia*, two counts of simple assault: one under Section 2701(a)(1), and the other under Section 2701(a)(3). Amended Information, 4/4/2016, at 1 (unnumbered pages). At the bench trial, Appellant's counsel discussed the charges in the amended information, and the trial court ultimately found Appellant guilty of all of those counts. **See** N.T. Trial, 4/4/2016, at 161, 183-84. Further, the trial court mentioned the amended information in its Pa.R.A.P. 1925(a) opinion when reciting the procedural history of the case. **See** TCO at 4 ("The case proceeded to a trial by judge and the Commonwealth amended the Information to reduce the total number

the Commonwealth failed to prove that he possessed the specific intent to inflict bodily injury, which he concedes is the same specific intent that is required for aggravated assault under Section 2702(a)(4). *Id.* at 14-15. No relief is due.

We reiterate that the relevant statute sets forth, in pertinent part:

**(a) Offense defined.--** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

18 Pa.C.S. § 2701(a)(1).

Further,

The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.

'To show an 'attempt' to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury[.]' 'A person acts intentionally with respect to a material element of an offense'

_____

of charges to eight…. This court found [Appellant] guilty of all eight counts…."). It is unclear to us why Appellant believes — and the docket in the reproduced record indicates — that he was convicted of two counts of simple assault under Section 2701(a)(1).

In any event, if Appellant were to challenge his simple assault conviction under Section 2701(a)(3), we would consider the evidence sufficient to show that Appellant attempted by physical menace to put another in fear of imminent serious bodily injury, where he pointed a loaded gun at the faces of Kimberly and Joseph. *See* 18 Pa.C.S. § 2701(a)(3); *see also Commonwealth v. Little*, 614 A.2d 1146, 1152 (Pa. Super. 1992) ("It is well settled in Pennsylvania case law that pointing a gun at someone constitutes simple assault by physical menace.") (footnote omitted).

- 12 -

if 'it is his conscious object to engage in conduct of that nature or to cause such a result[.]'

***Commonwealth v. Klein***, 795 A.2d 424, 428 (Pa. Super. 2002) (citation omitted; brackets in original).

As we discussed above, the Commonwealth adduced evidence at trial that showed that Appellant pointed a loaded gun at the faces of the Gersches while in close proximity to them, said he would blow their heads off, twice attempted to chamber a round in his firearm, and went back into his apartment only after sirens could be heard. Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, ***see Fortune, supra***, we determine that Appellant attempted to cause bodily injury to the Gersches. As such, we affirm his simple assault conviction under 18 Pa.C.S. § 2701(a)(1).

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


*Date: 7/6/2018*

- 13 -