J-S39018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGAN ELIZABETH PUCHALSKI | : | |
| | : | |
| Appellant | : | No. 1916 MDA 2017 |

Appeal from the Judgment of Sentence December 6, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001962-2016

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 20, 2018**

Megan Elizabeth Puchalski (Appellant) appeals from the judgment of sentence imposed after a jury convicted her of two counts each of aggravated assault and simple assault, and one count of recklessly endangering another person (REAP).[1]  Appellant claims the evidence was insufficient to support her convictions.  Upon review, we affirm.

The trial court recounted at length the facts presented at trial.   *See* Trial Court Opinion, 2/9/18, at 1-9.  The victims in this case, namely Sandra Wolfe and Charles VanDusen, are first-responders.[2]  It is undisputed that Appellant was intoxicated on the morning of May 29, 2016, when Sandra

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1) and 2705.

[2] Appellant's convictions of simple and aggravated assault pertain to Ms. Wolfe and Mr. VanDusen; Appellant's REAP conviction pertains to the individuals transporting her in an ambulance, including the EMT, Ms. Wolfe.

Wolfe, an emergency medical technician (EMT); Patti Kreitzer, a paramedic; Richard Kreitzer, Bunker Hill Fire Chief; Charles VanDusen, Bunker Hill Deputy Fire Chief; Pennsylvania State Trooper David Lebron; and Pennsylvania State Trooper Michael Stramara, all responded to Appellant's residence, based on an "emergency call" from Appellant's mother of a "critical sick person." N.T., 10/4/17, at 12, 14, 49. These six individuals testified at trial about their efforts to administer medical aid to Appellant and transport her to the hospital. The essence of their testimony was that Appellant was partially clothed, covered with bruises, extremely belligerent, physically combative, and resisted the first-responders' efforts to provide medical aid by flailing, punching, kicking and biting.

Ms. Wolfe described Appellant as "out of control." *Id.* at 17. She testified that although she did not think Appellant was acting "intentionally," Appellant "hit" and "kicked" her. *Id.* at 20-21, 37. Ms. Wolfe also stated that she was afraid for Appellant's safety as well as her own. *Id.* at 21. Deputy Fire Chief Charles VanDusen testified that Appellant "dug her fingernails into me quite a few times." *Id.* at 100, 104. Ms. Kreitzer testified that she requested and received approval from the "command doctor" to administer a sedative to Appellant based on her belief that Appellant was a danger to the first-responders. *Id.* at 58. She noted that Appellant "had already struck [Ms. Wolfe] and then tried to bite a State Trooper. . . . and she was trying to hit everyone there." *Id.* at 59. Trooper Lebron confirmed that Appellant "tried to bite my arm – my hand again." *Id.* at 116. Ms. Kreitzer stated that "things

went downhill" when Appellant got loose in the back of the ambulance and tried to hit her. *Id.* at 62.

Ms. Wolfe stated that upon being restrained and placed in the ambulance, Appellant "was wilder than ever" and broke free of her restraints. *Id.* at 25. As a result, the paramedic, Ms. Kreitzer "was screaming for help," and the driver, Ms. Wolfe, was concerned that Appellant would cause an accident, pulled to the side of the road and called for back-up. *Id.* at 26-28. Fire Chief Richard Kreitzer testified to seeing Appellant when the ambulance pulled over. He described the "[s]ame thing as what's at the house[, Appellant] kicking, flailing, trying to grab things. Trying to grab the – either the officers or the medical people." *Id.* at 83. Deputy Fire Chief VanDusen also witnessed the scene when the ambulance pulled over, and stated that from "looking in" he saw "[a] lot of kicking, a lot of yelling, screaming" by Appellant. *Id.* at 102.

The Commonwealth also introduced video evidence. Trooper Stramara had a mobile video recorder (MVR) on his patrol car. He testified that the MVR recorded approximately 20 minutes when he responded to the initial call. Commonwealth Exhibit 1. That video was played for the jury. A second video, approximately 10 minutes in length, and depicting events when Trooper Stramara responded to the ambulance after it pulled over, was also played. N.T., 10/4/17, at 135-136. Finally, the Commonwealth called Pennsylvania State Trooper Franklin Linn, who investigated the incident. Trooper Linn testified that he interviewed the various individuals involved, including the

first-responders and Appellant, and ultimately filed the charges against Appellant.  *Id.* at 154, 162.

Appellant was the sole defense witness.  She testified to being "irate" when the first-responders appeared at her home and telling them to leave. *Id.* at 169.  She stated that she attempted to prevent the first-responders from taking her from her home, but had no intent to fight with or harm anyone.  *Id.* at 172-173.  Appellant testified that she acted her "best to keep myself from being taken down and held against my will unlawfully."  *Id.* at 181.

At the conclusion of trial, the jury found Appellant guilty of the aforementioned offenses.  On December 6, 2017, the trial court sentenced Appellant to 23 months of intermediate punishment followed by 6 months of electronic monitoring.  In addition, the court "set special conditions . . . including Drug and Alcohol Evaluation, Drug and Alcohol Testing and requiring Appellant to wear a SCRAM bracelet for ninety (90) days."  Trial Court Opinion, 2/8/18, at 9.  Appellant filed this timely appeal.  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following five sufficiency claims on appeal:

1. Whether there was sufficient evidence to support the jury's verdict as to aggravated assault as the Commonwealth failed to prove that the Appellant's actions established that the Appellant intentionally, knowingly or recklessly caused bodily injury to Sandra Wolfe, an officer, employee, etc. of an enumerated class, or that Appellant attempted to cause bodily injury to Sandra Wolfe?

2. Whether there was sufficient evidence to support the jury's verdict as to simple assault as the Commonwealth failed to prove that Appellant's actions established that Appellant intentionally, knowingly or recklessly caused bodily injury to Sandra Wolfe or that Appellant attempted to cause bodily injury to Sandra Wolfe?

3. Whether there was sufficient evidence to support the jury's verdict as to aggravated assault as the Commonwealth failed to prove that the Appellant's actions established that the Appellant intentionally, knowingly or recklessly caused bodily injury to Charles VanDusen, an officer, employee, etc. of an enumerated class, or that Appellant attempted to cause bodily injury to Charles VanDusen?

4. Whether there was sufficient evidence to support the jury's verdict as to simple assault as the Commonwealth failed to prove that Appellant's actions established that Appellant intentionally, knowingly or recklessly caused bodily injury to Charles VanDusen or that Appellant attempted to cause bodily injury to Charles VanDusen?

5. Whether there was sufficient evidence to support the jury's verdict as to recklessly endangering another person as the Commonwealth failed to prove that the Appellant's actions placed or may have placed any of the EMT's, State Police or local firefighters in danger of death or serious injury?

Appellant's Brief at 5-6.

Appellant argues that the Commonwealth's evidence failed to establish that she "actually caused bodily injury to either Sandra Wolfe or Charles VanDusen." Appellant's Brief at 10. Appellant also asserts that the evidence failed to show that she "attempted to cause bodily injury to Sandra Wolfe or Charles VanDusen." *Id.* Finally, Appellant maintains that "the evidence failed to prove any individual was in danger of death or serious bodily injury at any point during the incident." For these reasons, Appellant asks this Court to vacate her convictions.

We review Appellant's sufficiency claims mindful of the following:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. McCall*, 911 A.2d 992, 996-97 (Pa. Super. 2006) (citations omitted). Again, a conviction may be sustained wholly on circumstantial evidence, and the jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39–40.

Instantly, Appellant was convicted of aggravated assault of Ms. Wolfe, an EMT, and Mr. VanDusen, the Deputy Fire Chief, as statutorily prescribed:

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
> . . .
>
> (3) attempts to cause **or** intentionally **or** knowingly causes bodily injury to any of the officers, agents, employees **or** other persons enumerated in subsection (c), in the performance of duty;

18 Pa.C.S.A. § 2702 (emphasis added). The "persons enumerated" include firefighters and EMTs. 18 Pa.C.S.A. § 2702(c)(2), (21).

With regard to simple assault, Appellant was convicted of simple assault of Ms. Wolfe and Mr. VanDusen under § 2701(a)(1), which provides a similar disjunctive provision that "a person is guilty of assault if he: (1) attempts to cause **or** intentionally, knowingly **or** recklessly causes bodily injury to another[.]" (emphasis added).

Appellant's final conviction of REAP, relative to her actions in the ambulance, occurs when someone "recklessly engages in conduct which places **or** may place another person in danger of death or serious bodily injury." 18 Pa. C.S.A. § 2705 (emphasis added).

Again, Appellant argues that she did not cause "actual bodily injury" to Ms. Wolfe and Mr. VanDusen; that her actions lacked intentionality, and that her victims were never "in danger of death or serious bodily injury." Appellant's Brief at 10. Case law does not support Appellant's claims.

We recently explained:

> A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.] 18 Pa.C.S. § 302(b)(1)(i). As intent is a subjective frame of mind, it is of necessity difficult of direct proof. [I]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

**Commonwealth v. Bullock**, 170 A.3d 1109, 1119 (Pa. Super. 2017) (quotation marks and citations omitted), **appeal denied**, No. 539 EAL 2017, 2018 WL 2018053 (Pa. Apr. 30, 2018). Further, "intent **ordinarily** must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." **Id.** (emphasis added).

Upon review, and in conjunction with both our summary of the facts and the trial court's factual findings, as well as the statutory elements and case law set forth above, we find no support for Appellant's sufficiency claims. We agree with the trial court's straightforward analysis, in which it explained:

> The testimony provided by the Commonwealth's witnesses indicates that [Appellant] hit Sandra Wolfe in the face. Sandra testified that it occurred and several other emergency personnel testified that they heard Sandra indicate that she had been hit. While no other witnesses testified that they saw [Appellant] actually hit Sandra, and [Appellant] herself conte[st]s the validity of such a claim, the jury itself is free to believe some, none or all of the testimony presented. The Commonwealth may show intent from the circumstances surrounding the events and the testimony provided indicates that [Appellant] was struggling and fighting with emergency personnel, which may in itself evince [Appellant's] intent.

> Testimony provided at trial also indicated that [Appellant] dug her nails into Charles VanDusen's arms during the events that occurred the day of the incident. VanDusen himself indicated that

- 8 -

the injury was superficial, but that it left a mark. However, the victim need not have suffered actual bodily injury if such an intent may be shown from the circumstances. As stated, the circumstances of the incident may demonstrate [Appellant's] intent and the jury is free to infer such an intent from the testimony.

Appellant next challenges the Commonwealth's evidence to support the jury's verdict of conviction on the aggravated assault charges in relation to Sandra Wolfe and Charles VanDusen. To sustain a conviction for aggravated assault, the Commonwealth must show that a person "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) [including firefighters and emergency medical services personnel], in the performance of duty." 18 Pa.C.S.A. § 2702. Our Superior Court has stated:

Where the victim does not suffer serious aggravated bodily injury, the charge of assault can be supported only if the evidence supports a finding of an attempt to cause such injury. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). An attempt under Subsection requires 2702(a)(1) some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. *Commonwealth v. Matthew*, 589 Pa. 487, 909 A.2d 1254 (2006). "A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Id.* at 1257-58 (quotation omitted). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Id.* (citation omitted). The intent to cause serious bodily injury may be proven by direct or circumstantial evidence. *Id.*

*Com. v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012).

Having found the evidence sufficient to support the jury's verdict of guilty on the charges of simple assault against Sandra Wolfe and Charles VanDusen, the same elements may support the aggravated assault charges with the additional element thereunder. *See Com. v. Frank*, 398 A.2d 663, 670 (Pa. Super.

1979)("Simple assault is, of course, a lesser-included offense of aggravated assault."). 18 Pa.C.S.A. § 2702(a)(6) provides that aggravated assault may occur where the person attempts to cause or intends to cause bodily injury to, among other enumerated classes of people, firefighters and emergency medical services personnel. Sandra Wolfe is an emergency medical technician and Charles VanDusen is a firefighter, according to their respective testimony. There is no doubt that both victims were of the class of people enumerated under Section 2702(c). Again, the jury heard testimony from the Commonwealth's witnesses and from [Appellant] and were able to make a determination as to the veracity of all such testimony, thereby deriving the facts upon which they rendered their decision. We cannot supplant the jury's determinations for our own interpretation of those facts.

Appellant has finally challenged the sufficiency of the evidence presented by the Commonwealth to support the jury's verdict convicting her of the REAP charge. "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. Furthermore, "[r]eckless endangerment is a lesser included offense of aggravated assault and where the evidence is sufficient to support a claim of aggravated assault it is also sufficient to support a claim of recklessly endangering another person." **Com. v. Smith**, 956 A.2d 1029, 1036 (Pa. Super. 2008)(citing **Com. v. Thompson**, 739 A.2d 1023, 1028 n. 13 (Pa. Super. 1999).

The jury heard all of the testimony, including testimony provided that [Appellant] was fighting with the paramedic in the back of the ambulance while the ambulance was moving on a public road. Both the EMT and paramedic testified that there is an opening between the back area of the ambulance and the front cab, and that an individual fighting in the back area presents a danger that such fighting could cause a distraction to the driver, or worse could risk the peril of interfering with the driver's control of the vehicle and endanger the occupants of the ambulance and other drivers on the road.

Viewing the evidence presented at trial in the light most favorable to the Commonwealth, as the verdict winner in the specific charges challenged, we find that there is sufficient evidence to uphold the jury's convictions. The jury, as the finder of fact, was free to lend more credence to the testimony of the

> Commonwealth's witnesses than to the testimony of [Appellant]. Furthermore, the deliberative nature of the jury's determinations are evident in the fact that the jury found [Appellant] not guilty of the charges it believed the Commonwealth had not proved beyond a reasonable doubt.

Trial Court Opinion, 2/9/18, at 12-14.

The trial court's reasoning is supported by the record. Therefore, we find no merit to Appellant's sufficiency claims and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018