J-S29022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISA LYONS | : | |
| | : | |
| Appellant | : | No. 3571 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003526-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 21, 2019**

Isa Lyons appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, following his conviction for aggravated assault,[1] simple assault,[2] recklessly endangering another person,[3] and harassment.[4]  Lyons argues that the evidence was insufficient to support a verdict of guilty for aggravated assault.  After careful review, we affirm.

On April 30, 2017, Horace White, the victim, and Lyons went separately to Johnnie's Bar ("Johnnie's").  White, a man in his late seventies, made rude comments towards Lyons.  The men left Johnnie's without any incident.  On

---

[1] 18 Pa.C.S. § 2702(a)(1).

[2] 18 Pa.C.S. §§ 2701(a)(1), (3).

[3] 18 Pa.C.S. § 2705.

[4] 18 Pa.C.S. § 2709(a)(1).

May 1, 2017, both men returned separately to Johnnie's, and Lyons had a disagreement with the bartender. Once again, White made another rude comment directed towards Lyons. After making the rude comment, White sat at the bar, interacted with a few customers, and eventually proceeded towards the restroom. Before White reached the bathroom, Lyons punched White in the face ten times, followed by one kick to the head. White lost consciousness after the first punch. An ambulance transported White to the hospital, where he spent approximately four days recovering from his injuries.

Detective Charles Leeds of the Norristown Police Department arrived at Johnnie's shortly after the incident. Upon arrival, Detective Leeds saw blood and human teeth on the floor. The Commonwealth entered photographs of the blood, Johnnie's surveillance video, and White's teeth as exhibits at trial. The bar's surveillance video captured the entire assault.

On May 16, 2018, following a bench trial, Lyons was convicted of the aforementioned offenses. Lyons was sentenced on November 19, 2018, to six to twelve years' incarceration. Lyons filed a timely post-sentence motion on November 28, 2018, which was denied the following day. On December 13, 2018, Lyons filed a notice of appeal to this Court, followed by a court ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Lyons argues there was insufficient evidence to prove intent to inflict serious bodily injury, an element of aggravated assault.

A claim challenging the sufficiency of the evidence is a question of law and our standard of review is well-settled. Evidence will be deemed sufficient

to support the verdict when it establishes each element of the crime beyond a reasonable doubt. *Commonwealth v. Karkaria,* 625 A.2d 1167, 1167 (Pa. 1993). When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers*, 599 A.2d 630, 633 (Pa. 1991).

A person is guilty of the offense of aggravated assault if he attempts to cause serious bodily injury or causes serious bodily injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. *See* 18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. Losing four teeth constitutes serious bodily injury.[5] *See Commonwealth v. Kinney*, 157 A.3d 968, 973 (Pa. Super. 2017). As White suffered serious bodily injury, the evidence does not need to show intent to cause serious bodily injury; it is sufficient if it shows Lyons acted intentionally, knowingly, or recklessly. *See* 18 Pa.C.S. § 2702(a)(1); *see also Commonwealth v. Burton*, 2 A.3d 598, 602 (Pa. Super. 2010).

For a defendant to be guilty of aggravated assault, mere recklessness is not sufficient. Rather, the circumstances must manifest an extreme

_____

[5] Lyons does not contest the trial court's findings that White suffered serious bodily injury.

indifference to the value of human life. *See Commonwealth v. O'Hanlon*, 653 A.2d 616, 618 (Pa. 1995). "Where the intention of the actor is obvious from the act itself, the finder of fact is justified in assigning the intention that is suggested by the conduct." *Commonwealth v. Meredith*, 416 A.2d 481, 485 (Pa. 1980). A person acts recklessly when he can reasonably anticipate serious bodily injury or death will be the consequence of his action, and then ignores the consequence. *See Commonwealth v. Hlatky*, 626 A.2d 575, 581 (Pa. Super. 1993). A surprise attack to the head on an unsuspecting victim can constitute reckless indifference to the value of a human life. *Commonwealth v. Patrick*, 933 A.2d 1041, 1047 (Pa. Super. 2007); *see also Burton*, 2 A.3d at 604.

Our Supreme Court has provided a non-exhaustive list of factors to consider when determining whether the intent to inflict serious bodily injury was present. *Commonwealth v. Matthew*, 909 A.2d 1254, 1258 (Pa. 2008). The factors include: significant difference in size or strength between the victim and the defendant; any restraint of the defendant preventing him from escalating the attack; the use of a weapon; and statements before, during or after the attack which might indicate the defendant's intent. *Id.* (citing *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978)). The intent to cause serious bodily injury can be established by evidence showing that a defendant intended to strike a victim already rendered dazed and helpless. *See Commonwealth v. Faulk*, 928 A.2d 1061, 1071 (Pa. Super. 2007).

- 4 -

Here, there was sufficient evidence to show Lyons acted recklessly with indifference to human life when he initially struck White. *See Patrick*, 933 A.2d at 1047. White, an elderly man, was walking to the restroom, unprepared for the punch. Additionally, the Commonwealth presented sufficient evidence to show Lyons acted with intent to inflict serious bodily injury. Under the *Alexander* factors, there was sufficient evidence to show Lyons intended to cause serious bodily injury. *Alexander*, 383 A.2d at 889. Lyons is significantly younger and larger than the victim, and the other bar patrons attempted to prevent Lyons from approaching the victim after the initial assault. Lyons repeatedly striking a substantially smaller unconscious man is further evidence of his intent to cause serious bodily injury. *See Faulk*, 928 A.2d at 1071. Thus, we conclude the evidence was sufficient to support Lyons' aggravated assault conviction.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>8/21/2019</u>