J-A07025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND THOMAS | : | |
| | : | |
| Appellant | : | No. 664 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001446-2017

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 21, 2020**

Appellant, Raymond Thomas, appeals from the Judgment of Sentence entered after a jury convicted him of Robbery, Kidnapping for Ransom, Aggravated Assault, and Conspiracy to Commit each of those crimes, and Unlawful Restraint.[1]  He challenges the sufficiency of the evidence supporting his conviction for Aggravated Assault, and the weight of the evidence supporting all of his convictions.  After careful review, we affirm.

We glean the underlying facts from the trial court's Pa.R.A.P. 1925(a) Opinion and the certified record.  In January 2017, an individual by the name of "Jerome" contacted the victim *via* phone about purchasing a townhouse the victim owned located on the 800 block of North 18th Street in Harrisburg ("the

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2901(a)(1), 2702(a)(1), 903, and 2902(a)(1), respectively.

townhouse"). The victim and "Jerome" agreed to meet at the townhouse on January 11, 2017.

On January 11, 2017, two individuals were waiting on the porch of the townhouse when the victim arrived. The victim proceeded to show the two individuals the townhouse and eventually led them down to the basement. While the victim was showing the individuals the water heater, he was hit on the back of his head. The individuals then tased the victim in the chest and kicked him in the head. They zip-tied the victim's arms, duct-taped his wrists and feet, and demanded $100,000 while choking and pistol whipping him. The individuals threatened to burn the victim with a blowtorch and to harm the victim's parents if he did not cooperate.

The victim told his assailants that he did not have $100,000, but could give them $30,000 and marijuana. The assailants agreed and allowed the victim to call his friend Steve to retrieve the money and marijuana.

At some point, the assailants left the townhouse and the victim was able to cut the zip-ties, run out of house, and meet Steve. Steve drove the victim to his parents' house while the victim called the police to alert them that his parents may be in danger.

When the victim arrived at his parents' house, he was met by Police Officer Christopher Haines. The victim was covered in blood; therefore, Officer Haines called an ambulance.

On January 14, 2017, while shopping at a store, the victim saw Appellant and identified him as one of his assailants. As soon as Appellant saw the victim, he fled. The victim then followed Appellant in his car to a Sheetz, and called the police and informed them of Appellant's license plate number.

Detective Jason Paul of the Harrisburg City Police Department was assigned to the case. After running the license plate number that Appellant provided to the police, Detective Paul and other officers went to Appellant's house.[2] Appellant was eventually charged with the above crimes.

A three-day jury trial commenced on January 14, 2019, at which the Commonwealth called, *inter alia*, Detective Paul, Officer Haines, Appellant's wife, and the victim to testify. Appellant did not call any witnesses. At the conclusion of trial, the jury convicted Appellant of all of the above crimes.

The court ordered a Post-Sentence Investigation ("PSI"). On March 14, 2019, the court sentenced Appellant to an aggregate term of 6 to 12 years of imprisonment. Appellant filed a Post-Sentence Motion, which the court denied.

Appellant timely appealed. He filed an ordered Pa.R.A.P. 1925(b) Statement, and the trial court filed a responsive Rule 1925(a) Opinion.

Appellant raises the following issues for our review:

1. Was not the evidence insufficient to sustain a conviction for aggravated assault under 18 Pa.C.S. § 2702(a)(1) when the Complainant did not suffer serious bodily injury and when the evidence was insufficient to show that [Appellant] attempted to cause serious bodily injury?

---

[2] The car was registered to Appellant's wife.

2. Did not the lower court abuse its discretion by failing to grant defendant a new trial on the basis that the guilty verdicts were against the weight of the evidence when the totality of the evidence with respect to [Appellant's] identity as the perpetrator was unreliable, contradictory, and incredible?

Appellant's Brief at 6.

In his first issue, Appellant contends that the evidence was insufficient to sustain his Aggravated Assault conviction. Specifically, he asserts that the Commonwealth failed to prove the requisite *mens rea*, *i.e.*, intent. Appellant's Br. at 25-27. He argues that the victim's assailants did not make any statements that they intended to inflict serious bodily injury, and that the threat to burn the victim was isolated and the assailants did not carry out the threat. ***Id.*** at 27.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or

none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

A person is guilty of Aggravated Assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a).

"Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. Additionally, "bodily injury" constitutes "[i]mpairment of physical condition or substantial pain." *Id.*

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). "An attempt under § 2702(a)(1) requires a showing of some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury." *Commonwealth v. Matthew*, 909 A.2d 1254, 1257 (Pa. 2006) (citation omitted).

"A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S. § 302(b)(1)(i). "[I]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct

or from the attendant circumstances." ***Commonwealth v. Franklin***, 69 A.3d 719, 723 (Pa, Super. 2013) (citation omitted). ***See also Commonwealth v. Gray***, 867 A.2d 560, 568 (Pa. Super. 2005) (holding that infliction of multiple stab wounds with screwdriver demonstrated intent to inflict serious bodily injury).

Moreover, "simple assault[3] combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault." ***Matthew***, 909 A.2d at 1257 (citation omitted) (concluding the defendant committed aggravated assault when he placed a loaded gun against the victim's throat, repeatedly pointed it at the victim, and threatened to kill the victim numerous times).

Based on our review of the certified record, we agree with the trial court that the evidence is sufficient to sustain Appellant's Aggravated Assault conviction.[4]

---

[3] A person is guilty of Simple Assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1).

[4] The Aggravated Assault conviction was based on attempt to cause serious bodily injury. ***See*** N.T. Trial at 265-66. However, the trial court's Rule 1925(a) Opinion concludes that Appellant caused the victim serious bodily injury. Trial Ct. Op. at 9.

The trial court recounted the victim's testimony in which he described how his assailants, including Appellant, hit him in the head, choked him, tasered him in the chest, kicked him, and pistol whipped him. Trial. Ct. Op. at 9. In addition, the court noted that the victim testified that his assailants constrained him with zip ties and duct tape while assaulting him and threatening to burn him with a blow torch if he did not meet their demands. *Id.* at 3, 9; N.T. at 56-57.[5] The victim also recalled that the assault occurred for approximately two hours and that he needed 10 to 20 stitches to treat one of the wounds he sustained on his head. N.T. Trial at 66-67.

Officer Haines testified that when the victim arrived at his parents' house after the attack, the victim was covered in blood; had a contusion on his lip, cut around his left eye and bump on top of his head; and had the remains of duct tape and zip ties around his wrists and feet. Trial Ct. Op. at 4. Officer Haines commented that the victim "was so bloody that he was unable to tell the race of the victim[.]" *Id.* at 9 n.13; N.T Trial at 105-106.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the evidence was sufficient to demonstrate that Appellant

_____

[5] The victim also testified that he thought he was going to die because his assailants did not wear masks and did not care if he knew what they looked like. N.T. Trial at 66.

attempted to inflict serious bodily injury, thereby constituting aggravated assault. *See Matthew*, 909 A.2d at 1257; *Gray*, 867 A.2d at 568.

Appellant next contends that the trial court erred in refusing to grant his Post-Sentence Motion in which he requested a new trial based on a challenge to the weight the jury gave to the testimony of the Commonwealth's witnesses. Appellant highlights discrepancies between the victim's trial testimony and police statements and other anomalies regarding the victim, the victim's friend Steve, and the assailants' actions. He avers that there was no forensic or physical evidence to tie Appellant to the crime and no evidence of a connection between the victim and Appellant.[6] He also contends that he does not match the victim's description of the assailants. Appellant's Br. at 29-31.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (quotation marks and citation omitted). "Resolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super.

---

[6] Appellant also states that "it was apparent that the robbers had some sort of 'inside information' marking [the victim] as a prime robbery target because he was a marijuana dealer who had cash and who was unlikely to report the robbery to the police." Appellant's Brief at 30-31.

2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. **Talbert**, **supra** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. **See id.** at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." **Id.** at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." **Id.** (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **Id.** (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" **Commonwealth v. Morales**, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

In addressing the weight challenge, the trial court reviewed the victim's testimony supporting the Appellant's convictions, including the victim's identification at trial that Appellant was one of his assailants. Trial Ct. Op. at 4. The court concluded that it was not against the weight of the evidence for the jury to credit the victim's testimony and give little weight to any of the discrepancies and anomalies highlighted by Appellant. *Id.* at 10-12.

Appellant essentially asks us to reassess the credibility of the victim and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence supporting the jury verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Because neither of Appellant's issues warrants relief, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2020

- 10 -